UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:24-cv-06021-CAS-RAOx | Date | November 18, 2024 |
|---|---|---|---|
| Title | Jessie Verdun et al. v. City of Santa Paula et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Deborah Parker | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Andre Verdun | Katrina Valencia |

**Proceedings:**    ZOOM HEARING RE: DEFENDANTS' MOTION TO DISMISS (Dkt. 12, filed on September 24, 2024)

## I. INTRODUCTION

On July 17, 2024, plaintiffs Jessie Verdun and Veronica Vester ("plaintiffs") filed this action against the following defendants: the City of Santa Paula ("the City"); the Santa Paula Police Department; Commander Allen Macias; Sergeant Cody Madison; Officer Chris Chennault; Officer Jessica Brunick; and Does 1-10 ("defendants"). Dkt. 1 ("Compl."). Plaintiffs allege six claims for relief, all pursuant to 42 U.S.C. § 1983: (1) unreasonable seizure in violation of their Fourth Amendment rights; (2) excessive force in violation of their Fourth Amendment rights; (3) false arrest in violation of their Fourth Amendment rights; (4) retaliation in violation of their First Amendment rights; (5) failure to intervene and prevent the violation of their constitutional rights; and (6) unconstitutional policies and practices by the City. Compl. ¶¶ 59-81.

On September 24, 2024, defendants filed the instant motion to dismiss plaintiffs' complaint. Dkt. 12 ("Mot."). On October 28, 2024, plaintiffs filed their opposition. Dkt. 17 ("Opp."). On November 11, 2024, defendants filed their reply. Dkt. 18 ("Reply").

On November 18, 2024, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiffs allege the following facts in their complaint. Plaintiff Veronica Vester ("Vester") had a domestic violence restraining order against an unspecified individual, which defendant Santa Paula Police Department "repeatedly refused to enforce." Compl.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:24-cv-06021-CAS-RAOx | Date | November 18, 2024 |
|---|---|---|---|
| Title | Jessie Verdun et al. v. City of Santa Paula et al. | | |

¶ 31. Vester made numerous requests for enforcement, through calls for service and visits to the police station. Id. ¶ 32. These requests allegedly culminated in a phone call in which the Santa Paula Police Department told her: "We do not enforce restraining orders in Santa Paula… I cannot say more… You need to go to court." Id. ¶ 33. "Desperate for assistance," Vester then called the Ventura County District Attorney's office for help, which directed her to the Santa Paula Police Department. Id. ¶ 34. Before visiting the Santa Paula Police Department again, Vester asked plaintiff Jessie Verdun ("Verdun") to accompany her, as she allegedly feared retaliation. Id. ¶ 35.[1] Verdun had recently undergone two neck surgeries, but he was no longer in pain. Id.

On May 18, 2022 at approximately 4:05 p.m., plaintiffs allegedly entered the Santa Paula Police Department's public lobby, planning to report the violation of Vester's restraining order. Id. ¶ 36. Verdun had his phone on speaker with witnesses listening, as he also feared retaliation from the police. Id. ¶ 37. Plaintiffs first interacted with Sergeant Cody Madison ("Madison") and Officer Chris Chennault ("Chennault"). Id. ¶ 38. Plaintiffs state that they were made to wait in the lobby "for an extended period, presumably to allow time for additional officers to gather." Id. ¶ 39. Plaintiffs were not disruptive, were not trespassing, and were never told to the leave the premises. Id. ¶¶ 40-41. Then, without provocation, Commander Allen Macias ("Macias") allegedly confronted Verdun, ran towards him, and slammed him against a wall. Id. ¶ 43. Verdun told the officers that he was recovering from neck surgery and that he was not resisting. Id. ¶ 44. Nevertheless, Madison and Officer Jessica Brunick ("Brunick") allegedly joined Macias in using force against Verdun. Id. ¶ 45. When Vester tried to "verbally intervene on Verdun's behalf," she was also subjected to the officers' force. Id. ¶ 46. Officers Clark, Swanson, and Varner arrived on the scene after Macias' initial use of force and had the opportunity to intervene, but they failed to take action or "correct the false narrative" promulgated by the arresting officers. Id. ¶¶ 52, 75.

Plaintiffs were both handcuffed, detained, and subsequently transported to the emergency room for medical clearance, before being booked into Ventura County Jail. Id. ¶ 49. They were arrested for resisting a peace officer and for battery on a peace officer. Id. ¶¶ 50, 68. Macias, Madison, Chennault, and Brunick, the arresting officers, allegedly filed false police reports, claiming that plaintiffs were disruptive and were told

---

[1] Verdun's relationship to Vester is not set forth in the complaint. Compl. ¶ 35.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06021-CAS-RAOx | Date | November 18, 2024 |
| Title | Jessie Verdun et al. v. City of Santa Paula et al. | | |

to leave multiple times. Id. ¶ 51. On May 23, 2022, the Ventura County District Attorney's office rejected the case against plaintiffs, citing insufficient evidence. Id. ¶ 54.

Both plaintiffs allege that the attack violated their constitutional rights and caused them physical injuries, pain, suffering, and emotional distress. Id. ¶ 58. Verdun specifically alleges that the attack caused him to experience "constant neck pain," reversing the positive results of his recent surgeries. Id. ¶ 48. Plaintiffs further allege that the City maintains policies, procedures, customs, and practices that led to plaintiffs' injuries, including not enforcing domestic violence restraining orders; failing to train officers on the constitutional limitations on use of force and arrest; failing to supervise officers who engage in excessive force and false arrest; failing to implement adequate policies to prevent First Amendment retaliation; and encouraging or tacitly accepting the filing of false police reports to justify improper arrests. Id. ¶ 56.

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:24-cv-06021-CAS-RAOx | Date | November 18, 2024 |
|---|---|---|---|
| Title | Jessie Verdun et al. v. City of Santa Paula et al. | | |

Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

**IV.   DISCUSSION**

Plaintiffs allege six claims of constitutional violations pursuant to 42 U.S.C. § 1983 ("Section 1983"). Compl. ¶¶ 59-81. "To prove a case under § 1983, the plaintiff must demonstrate that (1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiffs allege that defendants' actions were "taken under color of law, as they were on-duty police officers acting in their official capacities." Compl. ¶ 55. Defendants do not appear to dispute this allegation. Therefore, the Court proceeds to analyze defendants' challenges of the alleged constitutional violations.

Defendants argue that plaintiffs' complaint should be dismissed for failure to state (1) an unreasonable seizure claim; (2) an excessive force claim against Madison,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:24-cv-06021-CAS-RAOx | Date | November 18, 2024 |
|---|---|---|---|
| Title | Jessie Verdun et al. v. City of Santa Paula et al. | | |

Chennault, and Brunick; (3) a false arrest claim; (4) a First Amendment retaliation claim; (5) a failure to intervene claim; and (6) a Monell claim. Mot. at 3-12. Defendants further argue that the complaint pleads no facts to support (7) injunctive relief or (8) punitive damages.[2] Id. at 12. In reply, defendants also contend that plaintiffs' claims are implausible. Reply at 1. For the purposes of the instant motion, the Court accepts the material allegations in plaintiffs' complaint as true. The Court discusses each of defendants' arguments in turn.

    A.    **Fourth Amendment Unreasonable Seizure Claim**

Defendants argue that plaintiffs fail to allege facts that set forth a viable unreasonable seizure claim. Mot. at 3. Defendants contend that plaintiffs do not establish that the officers arrested plaintiffs without probable cause or seized them without reasonable suspicion. Id. Plaintiffs' claims, according to defendants, contain only legal conclusions, not facts. Id. at 4. Additionally, defendants argue that plaintiffs do not prove that each officer "integrally participated" in the alleged violations, as the complaint fails to identify which officer arrested or seized them. Id. Further, defendants contend that the only alleged action by Chennault was issuing a police report. Id.

In opposition, plaintiffs first argue that reasonable suspicion did not exist, given that plaintiffs were in a public lobby during normal business hours, were seeking police assistance, were not disruptive or trespassing, and were never told to leave. Opp. at 4. Second, plaintiffs contend that the complaint details the participation of multiple officers in an orchestrated seizure. Id. This allegedly consisted of Chennault and Madison making initial contact and keeping plaintiffs in the lobby to give other officers time to gather; Macias initiating the physical seizure; Madison and Brunick immediately joining in using force; and a coordinated effort to file false reports about the incident. Id. Third, plaintiffs argue that the context of this seizure demonstrates unreasonableness, given that it occurred in a police station lobby when plaintiffs were seeking help. Id. at 5. The unreasonableness is worsened, according to plaintiffs, by the District Attorney's subsequent rejection of all charges against them. Id.

---

[2] Defendants also assert that plaintiffs fail to plead a claim for statutory damages pursuant to California Civil Code § 52.1. Mot. at 13. In opposition, plaintiffs explain that the statutory damages claim was included inadvertently, and should be stricken. Opp. at 14. Therefore, the Court strikes this portion of plaintiffs' prayer for relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06021-CAS-RAOx | Date | November 18, 2024 |
| Title | Jessie Verdun et al. v. City of Santa Paula et al. | | |

In reply, defendants argue that plaintiffs fail to identify any action taken by Chennault or any specific actions taken by Madison or Brunick that constitute a seizure. Reply at 2. Defendants also contend that plaintiffs "admit" that Vester's arrest was justified because she intervened in Verdun's arrest. Id.

The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. amend. IV. "[A] person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." United States v. Mendenhall, 446 U.S. 544, 554 (1980).

> The ultimate inquiry underlying the question of custody is simply whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest. To answer this question, the reviewing court looks to the totality of the circumstances that might affect how a reasonable person in that position would perceive his or her freedom to leave.

Stanley v. Schriro, 598 F.3d 612, 618 (9th Cir. 2010) (internal quotation marks and citations omitted). To satisfy the requirements of the Fourth Amendment, a warrantless arrest "must be supported by probable cause to believe that the arrestee has committed a crime." Allen v. City of Portland, 73 F.3d 232, 236 (9th Cir. 1995).

The Court finds that plaintiffs have adequately pled a Fourth Amendment unreasonable seizure claim. The Court understands plaintiffs' allegations to state that they were seized without reasonable suspicion or probable cause when force was initiated by Macias, up until their formal arrest by Macias, Madison, Chennault, and Brunick. Accepting the allegations as true, the Court finds that a reasonable person in this position would not believe that he or she was free to leave. Further, the Court finds that neither reasonable suspicion nor probable cause existed for the seizure, because according to plaintiffs, they were not disruptive, trespassing, or told to leave. Rather, plaintiffs allege that they were peacefully seeking police assistance in a public lobby during business hours. The absence of reasonable suspicion and probable cause demonstrates that the seizure here was unreasonable. Accordingly, the Court denies defendants' motion to dismiss plaintiffs' Fourth Amendment unreasonable seizure claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06021-CAS-RAOx | Date | November 18, 2024 |
| Title | Jessie Verdun et al. v. City of Santa Paula et al. | | |

### B.     Fourth Amendment Excessive Force Claim

Defendants argue that plaintiffs fail to allege facts that set forth a viable excessive force claim against Madison, Chennault, and Brunick. Mot. at 6. Defendants contend that the complaint fails to identify which officer used force against which plaintiff. Id. Further, defendants argue that there are no facts pled that show the force used by Madison and Brunick was excessive. Id.

In opposition, plaintiffs argue that their excessive force claim is well-pled against all defendants. Opp. at 5. Plaintiffs contend that any force used was excessive, given the complete absence of justification. Id. at 6. Further, plaintiffs allege that defendants knew about Verdun's medical condition, since Verdun informed them of his recent neck surgery after Macias initiated force. Id. Defendants deliberately disregarded this known medical risk, according to plaintiffs, in violation of Deorle v. Rutherford, 272 F.3d 1272 (9th Cir. 2001), which requires officers using force to take into account a subject's known physical conditions. Id. Plaintiffs then argue that each defendant's role is specifically alleged, and that the police station setting makes all force used less reasonable. Id. at 7. In reply, defendants argue that plaintiffs fail to identify which officer allegedly used force against Vester and what specific actions were taken by each officer. Reply at 2.

An excessive force claim is analyzed under the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 395 (1989). To prevail on a claim of excessive force, a plaintiff must show that the force used by the arresting officer was objectively unreasonable. See id. at 397. Whether an officer's actions were reasonable depends on "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396.

The Court finds that plaintiffs have adequately pled a Fourth Amendment excessive force claim against Madison, Chennault, and Brunick. Accepting plaintiffs' allegations as true, Chennault and Madison initially met them in the lobby, and then Macias "confronted" Verdun. After Macias initiated force, Madison and Brunick "joined" in using force, and "the police attacked both Verdun and Vester without provocation or justification." The Court understands plaintiffs' allegations to state that all four of the officers were actively involved in the use of force against both plaintiffs, or failed to intervene during the use of force. Given that plaintiffs allege that they were not disruptive, trespassing, or told to leave, it appears that they did not pose a threat to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:24-cv-06021-CAS-RAOx | Date | November 18, 2024 |
|---|---|---|---|
| Title | Jessie Verdun et al. v. City of Santa Paula et al. | | |

safety of the officers or others, had not committed a crime, and were not resisting arrest. Therefore, the Court finds that the alleged use of force was excessive. Accordingly, the Court denies defendants' motion to dismiss plaintiffs' Fourth Amendment excessive force claim. See Said v. Cnty. of San Diego, No. 12CV2437-GPC RBB, 2014 WL 231039, at *3–4 (S.D. Cal. Jan. 21, 2014) (finding that plaintiff stated a claim for excessive force when alleging that one officer "proceeded to assist [the other officer] and both used excessive force to effectuate the arrest.").

### C. Fourth Amendment False Arrest Claim

Defendants argue that plaintiffs' Fourth Amendment false arrest claim should also be dismissed because it is duplicative of plaintiffs' unreasonable seizure claim, given that the claims are co-extensive. Mot. at 7. In opposition, plaintiffs argue that the complaint alleges independent factual bases for the false arrest claim, including that plaintiffs were lawfully present and seeking assistance from officers; officers knew the reason for plaintiffs' presence; plaintiffs were not disruptive; the officers filed false reports to justify the arrests; and the District Attorney rejected all charges for insufficient evidence. Id. In reply, defendants reiterate that the complaint alleges no facts distinct from the unreasonable seizure claim to support the false arrest claim. Reply at 3.

A claim for unlawful arrest is cognizable under Section 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification. Dubner v. City and Cnty. of San Francisco, 266 F.3d 959, 964–65 (9th Cir. 2001). A plaintiff may state a claim "simply by showing that the arrest was conducted without a valid warrant. At that point, the burden shifts to the defendant to provide some evidence that the arresting officers had probable cause for a warrantless arrest." Id. at 965. The test for whether probable cause exists is whether "at the moment of arrest the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." United States v. Jensen, 425 F.3d 698, 704 (9th Cir. 2005).

The Court finds that plaintiffs have adequately pled a Fourth Amendment false arrest claim against Macias, Madison, Chennault, and Brunick. Plaintiffs' claim for false arrest is made under the Fourth Amendment. Compare Caballero v. City of Concord, 956 F.2d 204, 206 (9th Cir. 1992) ("Arrest by police officers without probable cause violates the Fourth Amendment's guarantee of security from unreasonable searches and seizures,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                              'O'

| Case No. | 2:24-cv-06021-CAS-RAOx | Date | November 18, 2024 |
|---|---|---|---|
| Title | Jessie Verdun et al. v. City of Santa Paula et al. | | |

giving rise to a claim for false arrest under § 1983."), with Hill v. City of Fountain Valley, 70 F.4th 507, 514 (9th Cir. 2023) ("The Hills also brought… state-law claims for false arrest.").³ Here, plaintiffs allege that Macias, Madison, Chennault, and Brunick arrested them after using force against them without any provocation or justification. Plaintiffs allege that they were peacefully and lawfully seeking police assistance at the time of arrest and that the arresting officers did not have any knowledge that plaintiffs were committing or had committed a crime. Thus, given the lack of probable cause, plaintiffs have adequately stated a claim for false arrest. See Waters v. Howard Sommers Towing, Inc., No. CV 10-5296 CAS-AJWx, 2011 WL 1375292, at *12 (C.D. Cal. Apr. 11, 2011) (finding that the plaintiff stated a Fourth Amendment false arrest claim when the plaintiff was arrested "solely" for telling an officer that he intended to file a complaint with the police commission).

      **D.    First Amendment Retaliation Claim**

Defendants argue that plaintiffs fail to allege facts that set forth a viable First Amendment retaliation claim. Mot. at 7. Defendants contend that there are no facts pled showing that Verdun's phone conversation or Vester's attempt to seek police help constitute constitutionally protected speech. Id. Additionally, defendants argue that there are no facts pled showing that the officers acted with the intent of silencing plaintiffs, or as a result of plaintiffs' allegedly protected speech. Id.

In opposition, plaintiffs argue that the complaint satisfies two different paths to establish a First Amendment retaliatory arrest claim pursuant to Nieves v. Bartlett, 587 U.S. 391, 407 (2019). Opp. at 11. First, the complaint allegedly establishes the complete absence of probable cause, as plaintiffs were never disruptive or told to leave. Id. Second, the complaint allegedly establishes that plaintiffs were arrested when otherwise similarly situated individuals had not been. Id. Plaintiffs state that "the only thing that distinguished [them]" was their protected speech, specifically their attempt to obtain enforcement of Vester's restraining order, after being told that the Santa Paula Police Department "do[es] not enforce" such orders. Id. Finally, plaintiffs argue that the

---

³ The stating of both an unreasonable seizure and false arrest claim under the Fourth Amendment does not appear to be grounds for dismissal of the latter claim. See, e.g., Blanford v. Sacramento Cnty., 406 F.3d 1110, 1114 (9th Cir. 2005) (noting that the plaintiff "assert[ed] claims under 42 U.S.C. § 1983 for excessive force and unreasonable seizure and false arrest in violation of the Fourth Amendment").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           'O'

| Case No. | 2:24-cv-06021-CAS-RAOx | Date | November 18, 2024 |
|---|---|---|---|
| Title | Jessie Verdun et al. v. City of Santa Paula et al. | | |

officers' retaliatory response was severe enough to chill a reasonable person. Id. In reply, defendants argue that plaintiffs fail to show that the officers acted in response to their speech. Reply at 3. Defendants state that plaintiffs "admit" the officers' response was "after the initial incident," making plaintiffs' retaliation claim implausible. Id.

Retaliation by state actors for exercising the First Amendment right to speak freely and petition the government is actionable under § 1983. Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). To establish retaliation for protected speech, a plaintiff must allege that he "(1) engaged in constitutionally protected activity; (2) the defendant's actions would 'chill a person of ordinary firmness' from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct—i.e., there was a nexus between the defendant's actions and an intent to chill speech. Further, to prevail on such a claim, a plaintiff need only show that the defendant 'intended to interfere' with the plaintiff's First Amendment rights and that it suffered some injury as a result; the plaintiff is not required to demonstrate that its speech was actually suppressed or inhibited." Ariz. Students' Ass'n v. Ariz. Bd. of Regents, 824 F.3d 858, 867 (9th Cir. 2016) (citations omitted).

Here, it appears to the Court that plaintiffs were engaged in the following activities: both plaintiffs sought police action on Vester's restraining order, Verdun documented the police's conduct through a phone call, and Vester objected to the police's use of force against Verdun through "verbal[] interven[tion]." The Court finds that each of these activities are protected under the First Amendment. First, as for seeking police assistance in the enforcement of a restraining order, the Court finds that this activity may implicate the Petition Clause of the First Amendment. See Doe v. Cnty. of San Mateo, No. C 07-05596 SI, 2009 WL 735149, at *5 (N.D. Cal. Mar. 19, 2009) ("Filing a police report may implicate speech that is protected under the Petition Clause of the First Amendment"); Mazzeo v. Gibbons, 649 F. Supp. 2d 1182, 1194 (D. Nev. 2009) (same); Meyer v. Bd. of Cnty. Comm'rs of Harper Cnty., Okla., 482 F.3d 1232, 1243 (10th Cir. 2007) ("[F]iling a criminal complaint with law enforcement officials constitutes an exercise of the First Amendment right to petition the government for the redress of grievances."). As for documenting the police's conduct through a phone call, "[t]he First Amendment protects the right to photograph and record matters of public interest... This includes the right to record law enforcement officers engaged in the exercise of their official duties in public places." Askins v. U.S. Dep't of Homeland Sec., 899 F.3d 1035, 1044 (9th Cir. 2018) (citations omitted). Finally, as for Vester's verbal objection to the

Case 2:24-cv-06021-CAS-RAO   Document 19   Filed 11/18/24   Page 11 of 16   Page ID #:123

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:24-cv-06021-CAS-RAOx | Date | November 18, 2024 |
|---|---|---|---|
| Title | Jessie Verdun et al. v. City of Santa Paula et al. | | |

officers' use of force against Verdun, "the First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." City of Houston, Tex. v. Hill, 482 U.S. 451, 461 (1987); see e.g., id. at 454 (finding that plaintiff shouting "Why don't you pick on somebody your own size?" at a police officer was protected speech).

Further, plaintiffs have adequately alleged that Macias, Madison, Chennault, and Brunick used force against them and arrested them in order to chill their First Amendment activities. The Court finds that such actions would silence a person of ordinary firmness. Accordingly, the Court denies defendants' motion to dismiss plaintiffs' First Amendment retaliation claim.

### E.   Fourth Amendment Failure to Intervene Claim

Defendants argue that plaintiffs fail to allege facts that set forth a viable Fourth Amendment claim based on failure to intervene. Mot. at 8. While plaintiffs allege that Officers Clark, Swanson, Varner, and Does 1-10 were present at the scene, defendants contend that plaintiffs do not identify "where the officers were in relationship to plaintiffs' arrest, when they arrived on scene, and at what point during the arrest they could have intervened." Id. Further, defendants argue that plaintiffs fail to show the officers' personal involvement in the conduct or a sufficient causal connection. Id.

In opposition, plaintiffs argue that the complaint adequately alleges that multiple officers were present; they had time to observe and gather before force was used; and they each witnessed the unprovoked attack continue, presenting an opportunity to intervene. Opp. at 12. According to plaintiffs, discovery of materials such as body camera footage will yield additional facts about the opportunity to intervene. Id. In reply, defendants argue that the complaint fails to name Officers Clark, Swanson, Varner as defendants, and that these three officers have not appeared in the case. Reply at 4. Further, defendants argue that if these officers responded to the scene *after* the initial incident, they could not have had the opportunity to intervene. Id.

"[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." United States v. Koon, 34 F.3d 1416, 1446-47 n. 25 (9th Cir. 1994), rev'd on other grounds, 518 U.S. 81 (1996). However, officers can be held liable for failing to intercede only if they had an opportunity to intercede. Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000). Furthermore,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-06021-CAS-RAOx | Date | November 18, 2024 |
| Title | Jessie Verdun et al. v. City of Santa Paula et al. | | |

the officer must know or have reason to know that a constitutional violation is occurring. See Ramirez v. Butte-Silver Bow Cnty., 298 F.3d 1022, 1029-30 (9th Cir. 2002).

It appears to the Court that Officers Clark, Swanson, and Varner have not been named as defendants or parties to this action. Compl. ¶¶ 5-26. Accordingly, the Court dismisses plaintiffs' claim for failure to intervene, with leave to amend to add these officers as parties.

### F. Monell Claim

Defendants argue that plaintiffs' Monell claim fails because plaintiffs do not identify any specific policy or similar incidents that could constitute a policy by the City. Mot. at 9. Defendants assert that "isolated or sporadic incidents" do not show a "longstanding practice or custom." Id. at 11 (citing Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996)). Additionally, defendants contend that plaintiffs offer no facts to support their failure to train theory, because plaintiffs do not point to a particular deficient training or law enforcement training standard. Id. Further, defendants contend that plaintiffs fail to identify which constitutional rights were subject to deficient training. Id.

In opposition, plaintiffs argue that defendants' challenge to the Monell claim ignores the involvement of high-level officers in the alleged violations. Opp. at 12. Plaintiffs assert that Macias, a commander, personally initiated the allegedly unconstitutional conduct, and other officers gathered as plaintiffs waited in the lobby and later filed false reports, "suggesting [a] coordinated response." Id. Plaintiffs also assert that the City had an "express policy" of non-enforcement of restraining orders. Id. at 13. According to plaintiffs, institutional practices and systemic training failures are evidenced by the police openly declaring a policy of not protecting domestic violence victims, allowing supervisors to initiate unconstitutional force in a police station, and permitting officers to file false reports without consequence. Id. In reply, defendants argue that there are no facts to support plaintiffs' allegations that the constitutional violations were the result of a specific policy. Reply at 5. Additionally, defendants reiterate that plaintiffs do not provide sufficient facts about the City's failure to train or training policies. Id. at 6. Finally, defendants contend that plaintiffs fail to allege that Macias is a final policymaker. Id. at 8.

Under Monell, a government entity may be held liable under 42 U.S.C. § 1983 if a "policy, practice, or custom of the entity can be shown to be a moving force behind a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:24-cv-06021-CAS-RAOx | Date | November 18, 2024 |
|---|---|---|---|
| Title | Jessie Verdun et al. v. City of Santa Paula et al. | | |

violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694). A policy or custom may be shown through: (1) a longstanding practice or custom which constitutes the "standard operating procedure" of the municipality; (2) the decision of a municipal official who has final policymaking authority; or (3) when an official with final decision-making authority either delegates that authority to, or ratifies the decision of, a subordinate. Avalos v. Baca, 596 F.3d 583, 588 (9th Cir. 2010). In order to establish liability under Monell, a plaintiff must prove (1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation. Dougherty, 654 F.3d at 900. The failure of a municipality to train its officers may amount to a policy of deliberate indifference if the need to train was obvious and the failure to do so made a violation of constitutional rights likely. Id. (citing City of Canton v. Harris, 489 U.S. 378, 390 (1989)). Similarly, a failure to supervise that is "sufficiently inadequate" may amount to "deliberate indifference." Davis v. City of Ellensburg, 869 F.2d 1230, 1235 (9th Cir. 1989).

It appears to the Court that plaintiffs allege three theories of Monell liability: (1) failure to train officers on Fourth and First Amendment limitations on force, arrest, and retaliation; (2) failure to supervise officers who engage in excessive force, false arrests, and retaliation; and (3) a policy or practice of not enforcing domestic violence restraining orders.[4] The Court finds that plaintiffs' first two theories of Monell liability are adequately pled. In general, "[a] plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." Davis v. City of Ellensburg, 869 F.2d 1230, 1233 (9th Cir. 1989). Here, while the complaint focuses on the actions of Macias, Madison, Chennault, and Brunick on May 18, 2022, plaintiffs state that the City maintains policies, practices, and customs of failing to train and supervise officers on force, arrest, and retaliation, amounting to deliberate indifference.[5] Reading the

---

[4] To the extent that plaintiffs assert an additional Monell theory of liability based on Macias' status as a final policymaker, the Court finds that this claim fails. Plaintiffs do not allege any facts showing that Macias is a final policymaker under state law.

[5] The Court understands plaintiffs' allegations about false police reports to be part of their failure to train and supervise theories. While the filing of a false police report itself does not amount to a constitutional violation, it can provide the basis for a Section 1983 claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:24-cv-06021-CAS-RAOx | Date | November 18, 2024 |
| Title | Jessie Verdun et al. v. City of Santa Paula et al. | | |

complaint in the light most favorable to plaintiffs, these allegations may be interpreted to apply to all officers who did not receive sufficient training or supervision, not just the specific officers involved in the incident. See Anakin v. Contra Costa Reg'l Med. Ctr., No. 16–cv–00161–MEJ, 2016 WL 2893257, at *6 (N.D. Cal. May 18, 2016) ("Although a single incident is ultimately insufficient to establish liability, a plaintiff can survive a motion to dismiss by stating a plausible Monell claim based on failure to train, so long as the allegations apply to all individuals that are trained using the policy at issue.").

As for the third theory, plaintiffs state that the City's "de facto policy of not enforcing domestic violence restraining orders directly contributed to the violation of plaintiffs' rights." To the extent that plaintiffs are referring to their Fourth and First Amendment rights, the Court finds that plaintiffs fail to establish an affirmative causal link between the policy and the constitutional violation. To the extent that plaintiffs are referring to a right to have restraining orders enforced, the Supreme Court declined to find such a right in Town of Castle Rock, Colorado v. Gonzales, 545 U.S. 748, 768 (2005). See also Stone v. City of Los Angeles, No. 222CV01150-ODW-RAOx, 2022 WL 2916075, at *6 (C.D. Cal. July 25, 2022) (finding that California's law on restraining orders "does not necessarily make 'enforcement of restraining orders mandatory' under Castle Rock," and even if it did, "the mere fact that a state law mandates arrests does not mean that [plaintiff] has a 'property interest' protected by the Due Process Clause."). The Court therefore finds that plaintiffs fail to state a Monell claim based on the City's alleged policy of non-enforcement of domestic violence restraining orders.

Accordingly, the Court denies defendants' motion to dismiss plaintiffs' Monell claim based on the City's alleged failures to train and supervise officers, but grants defendants' motion to dismiss plaintiffs' Monell claim based on the City's alleged non-enforcement of domestic violence restraining orders.

---

if constitutional harm flows from it. Here, the alleged constitutional harms flowing from the false reports are the false arrests. See Dugan v. Cnty. of Los Angeles, No. 2:11-CV-08145-ODW, 2012 WL 1161638, at *3 (C.D. Cal. Apr. 9, 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:24-cv-06021-CAS-RAOx | Date | November 18, 2024 |
|---|---|---|---|
| Title | Jessie Verdun et al. v. City of Santa Paula et al. | | |

### G.  **Injunctive Relief Claim**

Defendants argue that plaintiffs fail to demonstrate ongoing or future harm, defeating their injunctive relief claim.  Mot. at 12.  Defendants contend that the complaint cites no incidents after May 18, 2022 or facts showing a threat of future injury.  Id. at 13.

In opposition, plaintiffs argue that the complaint alleges ongoing institutional practices that create a credible threat of future harm.  Opp. at 13.  According to plaintiffs, these include the policy of not enforcing restraining orders and constitutional violations by high-ranking officers.  Id. at 14.  Plaintiffs contend that discovery is required to fully document these practices, and dismissal at the pleading stage would be premature.  Id.  In reply, defendants argue that plaintiffs' allegations, even if true, would not support the granting of injunctive relief.  Reply at 10.

A plaintiff is only entitled to injunctive relief if she can demonstrate a "real or immediate threat" that she will be subject to the alleged illegal conduct again.  City of Los Angeles v. Lyons, 461 U.S. 95, 96 (1983).  The Court finds that, at this juncture, plaintiffs have adequately alleged that the City's ongoing practice of failing to train and supervise officers creates a credible threat of future harm to plaintiffs.  Accordingly, the Court denies defendants' motion to dismiss plaintiffs' prayer for injunctive relief.

### H.  **Punitive Damages Claims**

Defendants argue that plaintiffs fail to demonstrate defendants' evil motive or callous indifference, defeating the punitive damages claim.  Mot. at 13.  Plaintiffs did not respond to this argument.

Punitive damages are available against individual officers under Section 1983, to be awarded in the jury's discretion, if the jury finds that the defendant acted with an evil motive or intent or with reckless or callous indifference.  Smith v. Wade, 461 U.S. 30, 56 (1983).  Here, the Court finds that defendants' motion is premature, as the punitive damages issue is better decided on a motion for summary judgment or at the time of trial.

### V.  **CONCLUSION**

In accordance with the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** defendants' motion.  The Court **GRANTS** defendants' motion to dismiss plaintiffs' Monell claim based on an alleged policy of non-enforcement of domestic violence restraining orders.  The Court also **GRANTS** defendants' motion to dismiss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:24-cv-06021-CAS-RAOx | Date | November 18, 2024 |
|---|---|---|---|
| Title | Jessie Verdun et al. v. City of Santa Paula et al. | | |

plaintiffs' fifth claim, with leave to amend. The Court **DENIES** defendants' motion to dismiss as to all other claims.

Plaintiffs' amended complaint shall be filed no later than December 2, 2024. Defendants should limit any subsequent motions to dismiss to new allegations that have not been the subject of a prior motion to dismiss.

IT IS SO ORDERED.

|  | 00 : 10 |
|---|---|
| Initials of Preparer | CMJ |